**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-61543-JB**

CESAR JAVIER LARA FUENTES

          Petitioner,

v.

WARDEN, Broward Transitional Center,

          Respondent.

_____/

## <u>ORDER TO SHOW CAUSE AND FOR PRODUCTION OF EVIDENCE</u>

**THIS CAUSE** comes before the Court upon Petitioner Cesar Javier Lara Fuentes' Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Broward Transitional Center and seeks, among other relief, a bond hearing before an immigration judge or immediate release from custody. *Id.* In particular, Petitioner claims he has been wrongfully denied an individualized bond hearing before an immigration judge and seeks a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.*

The Court **GRANTS** Petitioner's request for an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) based on the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065, 25-14075, 2026 WL 1243395, at *1–2 (11th Cir. May 6, 2026). Accordingly, upon due consideration of the Petition, and the relevant authorities, it is hereby **ORDERED** as follows:

1.      The Clerk is directed to serve the Petitioner's verified Petition for Writ of Habeas Corpus, ECF No. [1], along with a copy of this Order, upon the Civil Division of the United States Attorney's Office for the Southern District of Florida, Miami Office.

2.      Counsel for Respondent shall notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

3.      Respondent shall either: (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a), within **seven (7) days** of the date of this Order, or otherwise release Petitioner; or (2) within **three (3) days** of the date of this Order, file a memorandum of fact and law ("response") to show cause why the Petition should not be granted and file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. **No less than 72 hours before the time the bond hearing is set to commence**, Respondent shall notify Petitioner that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

Further, **within 24 hours** of the bond hearing, Respondent shall file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

b. If Respondent chooses to file a response, the response shall set forth the factual and legal reasons why this case is distinguishable from *Hernandez Alvarez*. Respondent shall also include a copy of the full record in removal proceedings, a transcript of the digital audio recording for those proceedings, and all other records bearing upon the "true cause of the [petitioner's] detention." 28 U.S.C. § 2243. If any records are redacted, Respondent shall also file unredacted copies of the records **UNDER SEAL**. It is not necessary for Respondent to file an accompanying motion to seal. Any audio recordings shall be filed conventionally.

4. Respondent shall not transfer Petitioner out of the jurisdiction of this Court during the pendency of this proceeding.

5. Petitioner may file a reply within **three (3) days** of Respondent's response.

**DONE AND ORDERED** in Miami, Florida, this 26th day of May, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

3